IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROYLAND RICE, | ) | No. C 12-06395 EJD (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| ROGER W. PATTON, | ) | |
| Defendants. | ) | |

Plaintiff, detainee in Alameda County, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be

liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

The sole Defendant in this case is an attorney who was appointed to represent Plaintiff in a criminal proceeding. Plaintiff alleges that counsel has failed to protect his rights or advocate in any meaningful way. Plaintiff seeks damages and to have defendant disbarred.

However, Plaintiff's court-appointed attorney cannot be sued under § 1983. Attorneys in private practice are not state actors, and therefore do not act under color of state law, an essential element of a § 1983 claim. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); see also Polk County v. Dodson, 454 U.S. 312, 318–19 (1981) (public defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions). Any potential claims for legal malpractice do not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on the alleged ineffective assistance of Defendant, his claim amounts to an attack on the validity of his underlying criminal proceedings, and as such, is not cognizable under 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

The complaint will be dismissed as Plaintiff has failed to state a claim on which relief may be granted. This case will be dismissed with prejudice as it is clear that no amount of amendments will cure the deficiencies of the complaint. "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can

possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without leave to amend for failure to state a claim on which relief may be granted. This action is dismissed with prejudice.

DATED: 1/28/2013

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROYLAND RICE,            Case Number CV 12-06395 JD (PR)

       Plaintiff,                   **CERTIFICATE OF SERVICE**

  v.

ROGER W. PATTON,

       Defendant.
                                         /

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____1/29/2013_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s)hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Royland Rice**
UEQ - 820
The Glenn E. Dyer Detention Facility
550 - 6th Street
Oakland, CA 94607

DATED: _____1/29/2013_____
                                           Richard W. Wieking, Clerk
                                          /s/By: Elizabeth Garcia, Deputy Clerk